LOUIS WEINER, APPELLANT, V. STATE EX REL. STATE REAL ESTATE COMMISSION, APPELLEE.

348 N.W.2d 879

Filed May 11, 1984. No. 83-600.

Jean A. Mahon-Pettit and James T. Gleason of Swarr, May, Smith & Andersen, for appellant.

Robert H. Petersen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Louis Weiner appeals the judgment of the district court for Douglas County affirming an order of the Nebraska State Real Estate Commission. The State Real Estate Commission had found that Louis Weiner violated Neb. Rev. Stat. § 81-885.24(28) (Reissue 1981), namely, that Weiner had demonstrated incompetence and unworthiness to act as a real estate broker, and had suspended Weiner's real estate license for 3 years, with the last year of such suspension stayed for probation conditioned upon no further misconduct by Weiner during that probationary period. We affirm.

In May 1981 John Treft, acting on behalf of his mother, Mary Treft, but without any legal authority to do so, contacted Louis Weiner, a licensed real estate broker. John Treft offered to sell to Weiner, Mary Treft's interest as a vendor in a land contract. The unpaid balance on Mary's land contract was approximately $17,000, which was being paid to an escrow for Mary's benefit. John left a copy of Mary's land contract at Weiner's office, and a few days later John and Weiner agreed to a sale of $7,000 for Mary's interest in the land contract. In the purchase agreement prepared by Weiner, Mary's interest in the land contract was sold to Weiner. Although the purchase agreement was signed by Weiner and John, a copy of that purchase agreement was never delivered to John. Weiner also agreed to make an advance payment of $2,000 to John, if a warranty deed signed by Mary was delivered to Weiner. John obtained Mary Treft's warranty deed, which was delivered to Weiner with the understanding that the deed would not be recorded until the balance of the Weiner-John agreement was paid. Weiner paid John $2,000, but required and received John's promissory note in favor of Weiner for $2,000. John subsequently made several demands that Weiner pay the balance required by their agreement. Requiring promissory notes in exchange for

John's payments, Weiner paid John $500 and $900. Weiner attempts to explain the bizarre aspect of the promissory notes by calling the payments to John Treft loans, rather than payments required by the purchase agreement.

Before the balance due on the Weiner-John agreement was paid, Weiner recorded the Mary Treft deed and notified the escrow that future payments on Mary's land contract must be paid directly to Weiner. John discovered that payments on Mary's land contract were being delivered to Weiner rather than to the escrow, and renewed demands for payment of the balance on the Weiner-John agreement. Weiner refused.

In February 1982 John filed a complaint with the State Real Estate Commission and alleged the foregoing facts. After a hearing and evidence establishing the facts alleged by John, the State Real Estate Commission ordered suspension of Weiner's real estate license and also imposed probation. The commission based its action and order on § 81-885.24, which provides for revocation or suspension of a real estate broker's license when a broker has been found guilty of violating any of the provisions ("unfair trade practices") of the designated statute. In particular, the commission found Weiner guilty of violating subsection (28) of the statute: "Demonstrating unworthiness or incompetency to act as a broker . . . whether of the same or of a different character as hereinbefore specified."

As his first assignment of error, Weiner contends that § 81-885.24(28) is unconstitutionally vague and overbroad, both in substance and in its application by the commission.

" '[B]efore a law can be determined unconstitutional, the express provision of our constitution which the law contravenes must be pointed out.' " *Metropolitan Utilities Dist. v. City of Omaha,* 171 Neb. 609, 613, 107 N.W.2d 397, 401 (1961). Statutes

are presumed to be constitutional, and unconstitutionality must be clearly established. *Id.*

The due process command imposed by Amendment XIV to the Constitution of the United States, and Article I, section 3, Constitution of Nebraska, translates into two basic requirements. The statute's language must be sufficiently specific that persons of ordinary intelligence must not have to guess at its meaning. The statute must contain ascertainable standards by which it may be applied. This does not demand total absence of vagueness in a statute, but merely requires that a statute provide adequate notice of what conduct it requires or prescribes as well as guidelines by which a violation of the statute may be fairly and nonarbitrarily determined.

*State v. A.H.*, 198 Neb. 444, 448-49, 253 N.W.2d 283, 286 (1977).

Most decisions invoking the constitutional void for vagueness doctrine have dealt with statutes and ordinances imposing criminal sanctions. It is clear, however, that this doctrine applies equally to civil statutes. Yet even in criminal statutes the language adopted need not afford an interpretation approaching mathematical certainty. In determining the sufficiency of notice, a statute must of necessity be examined in light of the conduct with which a defendant is charged.

*State v. A.H.*, *supra* at 449, 253 N.W.2d at 286, citing *Parker v. Levy*, 417 U.S. 733, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974). Statutory notice governing behavior " 'must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.' " *Gold v. Lomenzo*, 29 N.Y.2d 468, 477, 280 N.E.2d 640, 645, 329 N.Y.S.2d 805, 812 (1972).

Section 81-885.24(28) is expressed in the disjunc-

tive, that is, "unworthiness or incompetency." Consequently, existence of either of the alternative situations mentioned in subsection (28) constitutes a violation of the questioned statute.

Weiner does not question any aspect of § 81-885.24 except subsection (28). Section 81-885.24 contains 27 other subsections which are not assailed by Weiner. Section 81-885.24(19) condemns and prohibits a real estate broker's "[f]ailing to deliver within a reasonable time a completed copy of any purchase agreement or offer to buy or sell real estate to the purchaser and to the seller." At the hearing before the State Real Estate Commission, there was no dispute that Weiner had never delivered a copy of the purchase agreement to John Treft.

*Incompetence* (the state of being incompetent) means failing to meet requirements. Webster's New Universal Unabridged Dictionary (2d ed. 1983). Incompetence means failure to meet requirements for a minimal level of accepted conduct. Cf. *Board of Dental Examiners v. Brown*, 448 A.2d 881 (Me. 1982); cf., also, *Hollingsworth v. Board of Education*, 208 Neb. 350, 303 N.W.2d 506 (1981) (teacher; incompetency must be measured against the standard required of others performing the same or similar duties).

Weiner cites nothing to support his contention that the term *incompetency* is unconstitutionally vague. Abundant authority acknowledges *incompetency* as a constitutionally permissible term in statutes pertaining to suspension or revocation of licenses. *Incompetency* is neither so general that persons of common intelligence must guess at the meaning of the word nor so indefinite as to defy evenhanded interpretation by the judiciary. *Maine Real Estate Commission v. Kelby*, 360 A.2d 528 (Me. 1976). Incompetency is not an unconstitutionally vague term. See, *Klein v. Real Estate Commissioner*, 19 Or. App. 646, 528 P.2d 1355 (1974); *Miller v. Iowa Real Estate Com'n*, 274 N.W.2d 288 (Iowa 1979).

Section 81-885.24 supplies sufficient notice to all real estate brokers about certain, minimal requirements for continued enjoyment of a license, namely, compliance with the statutory prescriptions and proscriptions concerning conduct of real estate brokers. Implicitly contained in the minimal standard for a state licensee's acceptable conduct is obedience to state law governing a licensee's practices and activities. Weiner failed to satisfy § 81-885.24(19) when he did not deliver a copy of the purchase agreement to John Treft. Such failure to meet the requirements of § 81-885.24 is conduct falling below the statutory standards, and demonstrates incompetence on the part of Weiner.

Weiner next contends that the order of the State Real Estate Commission was arbitrary, capricious, beyond the scope of its authority, and was not supported by competent and substantial evidence.

> The standard of review to be employed by both the District Court and this court is whether the order of the commission was supported by competent, material, and substantial evidence and whether the order is arbitrary or capricious. Neb. Rev. Stat. § 84-917(6) (Reissue 1981). " '[S]ubstantial evidence,' for purposes of administrative review, must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury, and this is something less than the weight of evidence; and the possibility of drawing two inconsistent conclusions from evidence does not prevent an administrative agency's finding from being supported by substantial evidence."

*Weiner v. State ex rel. Real Estate Comm.*, 214 Neb. 404, 406, 333 N.W.2d 915, 917 (1983), citing *Wright v. State ex rel. State Real Estate Comm.*, 208 Neb. 467, 304 N.W.2d 39 (1981). The preceding standard of review is satisfied in this case.

If there is evidence satisfying the standard of re-

view adopted in *Weiner v. State ex rel. Real Estate Comm., supra*, any question about arbitrary and capricious action of the commission seems to have been already answered. It is difficult to imagine how an order based on competent, material, and substantial evidence could simultaneously be arbitrary and capricious. Nevertheless, " 'Arbitrary and capricious action . . . is action taken, in disregard of the facts or circumstances of the case, without some basis which would lead a reasonable and honest person to the same conclusion.' " *In re Appeal of Levos*, 214 Neb. 507, 514, 335 N.W.2d 262, 267 (1983). "The question to be answered by a court is whether the agency or tribunal had before it *competent* evidence to, support its findings and action in accordance with the appropriate law governing the subject matter within the jurisdiction of the agency or tribunal." (Emphasis supplied.) *In re Appeal of Levos, supra* at 514-15, 335 N.W.2d at 267. Competent evidence is that which tends to establish the fact in issue. *In re Appeal of Levos, supra*. In view of the evidence presented at the hearing before the commission, the order of the State Real Estate Commission concerning Weiner is not arbitrary or capricious.

Upon a review of the record in these proceedings, there is the requisite evidence to support the action taken by the State Real Estate Commission, and, consequently, the judgment of the district court is affirmed.

AFFIRMED.